UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAHMOUD ELZEIN,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendant.

Case No. _____

Hon. _____

Removed from:
Circuit Court for the County of Wayne
Case No. 15-003392-CH
Hon. Brian R. Sullivan

## DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Wayne in the State of Michigan, is hereby removed by Defendant Federal National Mortgage Association ("Fannie Mae") to the United States District Court for the Eastern District of Michigan by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal, Defendant Fannie Mae states as follows:

    1.    On or about March 17, 2015, Plaintiff filed an action in the Circuit Court for the County of Wayne, State of Michigan ("State Court"), entitled *Mahamoud Elzein v Federal National Mortgage Association*, Case No. 15-003392-CH (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the pleadings from the State Court Action are attached hereto as **Exhibit 1**.

3. Fannie Mae first received notice of the Complaint on or about March 25, 2015.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendant Fannie Mae's receipt of a copy of the Complaint.

5. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Wayne County Circuit Court is located in the Eastern District of Michigan.

## FEDERAL QUESTION JURISDICTION EXISTS

6. This action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331. The Plaintiff's Complaint purports to assert a federal cause of action against Fannie Mae arising out of the Fair Debt Collection Practices Act, 12 U.S.C. § 1694 *et seq.* ("FDCPA"), and the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et sq.* ("FCRA"). (*See* ¶¶ 13(e), 23-26 (Complaint)).

7. Accordingly, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint is founded upon claims or rights arising under the laws of the United States.

8.  Because this Court has original jurisdiction over 28 U.S.C. § 1331, and because all other prerequisites for removal have been satisfied, this action is removable under 28 U.S.C. § 1441.

9.  The Court may exercise supplemental jurisdiction over Plaintiff's additional state-law claims pursuant to 28 U.S.C. § 1367.

## DIVERSITY JURISDICTION EXISTS

10.  This Court has original diversity jurisdiction pursuant to 28 U.S.C § 1332 because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

11.  **Plaintiff**. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Dearborn Heights, Wayne County, Michigan and because Plaintiff does not allege he has any intention of leaving Michigan, upon information and belief, Plaintiff is domiciled in the State of Michigan. (*See* Complaint, **Ex. 1**, ¶1).

12.  **Fannie Mae.** For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. Fannie Mae "maintain[s] its principal office in the District of Columbia or the metropolitan area

thereof and . . . [is] deemed, for the purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(A)(2)(B).

13. Based on the foregoing, complete diversity exists between Plaintiff and Defendant.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

14. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. For both Plaintiff's claim for violation of M.C.L. § 600.3201 *et seq*, and quiet title, Plaintiff seeks injunctive relief in the form of an order: (a) setting aside the Sheriff's Deed; (b) unspecified amount of damages; and (c) declaring Plaintiff the fee simple owner. *See* Complaint, Wherefore paragraph.

15. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted). *See Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation").

16. While Defendant Fannie Mae denies the allegations in Plaintiff's Complaint and deny any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs

and attorneys fees, because Plaintiff is seeking, among other things, voiding the Mortgage and Sheriff's Deed valued in an amount of at least $457,763.93. *Rosen v. Chrysler Corporation*, 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"). *See* Sheriff's Deed, **Ex. 2**; see also, Wayne County equalization record retrieved on April 20, 2015 showing a true cash value of the Property in the amount of $223,888.[1] *See* **Ex. 3**, SEV. In addition, Plaintiff also seeks an unspecified amount of damages based on his wrongful foreclosure and quiet title claims against Defendant Fannie Mae.

17. Therefore, because the object of the litigation includes real property secured by a mortgage with an outstanding balance in excess of $75,000.00, which Plaintiff seeks to enjoin Defendant Fannie Mae from exercising rights thereunder, the object of the litigation is in excess of $75,000.00.

18. A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d). *See* **Ex. 4**. Copies of the same will be served upon all counsel of record upon the filing of this Notice.

---

[1] The state equalized taxable property value is in the amount of $111,944 ("SEV"). The SEV represents approximately 50% of the "true cash value" of the property. *See* Mich. Const. Art. IX, sec. 3 (assessed value of property "shall not . . . exceed 50 percent" of the "true cash value of such property.") Accordingly, the property's value is approximately $223,888.00.

THEREFORE, Defendant Federal National Mortgage Association hereby removes the State Court Action from the Circuit Court of Wayne County, State of Michigan, to this Court, and requests that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

Respectfully submitted,

Dated: April 22, 2015

/s/Lindsey R. Johnson
Martin S. Frenkel (P49283)
Lindsey R. Johnson (P67081)
Attorneys for Fannie Mae
28400 Northwestern Highway, Second Floor
Southfield, MI 48034
(248) 354-4030
ljohnson@maddinhauser.com

## CERTIFICATE OF SERVICE

I hereby certify that on **April 22, 2015** the foregoing paper was electronically filed with the Clerk of the Court using the ECF system. In addition, the foregoing paper was served on Plaintiffs' counsel, Casper P. Connolly, via U.S. Mail, postage fully prepaid and addressed to:

Casper P. Connolly, Esq.
2735 Haley Rd.
White Lake, MI 48383

/s/ Lindsey R. Johnson
Lindsey R. Johnson

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MAHMOUD ELZEIN,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendant.

Case No. _____

Hon. _____

Removed from:
Circuit Court for the County of Wayne
Case No. 15-003392-CH
Hon. Brian R. Sullivan

## DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Wayne in the State of Michigan, is hereby removed by Defendant Federal National Mortgage Association ("Fannie Mae") to the United States District Court for the Eastern District of Michigan by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan. As grounds for removal, Defendant Fannie Mae states as follows:

1.     On or about March 17, 2015, Plaintiff filed an action in the Circuit Court for the County of Wayne, State of Michigan ("State Court"), entitled *Mahamoud Elzein v Federal National Mortgage Association*, Case No. 15-003392-CH (the "State Court Action").

1663986/14873.0044

2.  Pursuant to 28 U.S.C. § 1446(a), a complete copy of the pleadings from the State Court Action are attached hereto as **Exhibit 1**.

3.  Fannie Mae first received notice of the Complaint on or about March 25, 2015.

4.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendant Fannie Mae's receipt of a copy of the Complaint.

5.  This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Wayne County Circuit Court is located in the Eastern District of Michigan.

## FEDERAL QUESTION JURISDICTION EXISTS

6.  This action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331. The Plaintiff's Complaint purports to assert a federal cause of action against Fannie Mae arising out of the Fair Debt Collection Practices Act, 12 U.S.C. § 1694 *et seq.* ("FDCPA"), and the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et sq.* ("FCRA"). (*See* ¶¶ 13(e), 23-26 (Complaint)).

7.  Accordingly, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint is founded upon claims or rights arising under the laws of the United States.

8. Because this Court has original jurisdiction over 28 U.S.C. § 1331, and because all other prerequisites for removal have been satisfied, this action is removable under 28 U.S.C. § 1441.

9. The Court may exercise supplemental jurisdiction over Plaintiff's additional state-law claims pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION EXISTS

10. This Court has original diversity jurisdiction pursuant to 28 U.S.C § 1332 because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees.

11. **Plaintiff**. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, Plaintiff is a resident of Dearborn Heights, Wayne County, Michigan and because Plaintiff does not allege he has any intention of leaving Michigan, upon information and belief, Plaintiff is domiciled in the State of Michigan. (*See* Complaint, **Ex. 1**, ¶1).

12. **Fannie Mae.** For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. Fannie Mae "maintain[s] its principal office in the District of Columbia or the metropolitan area

thereof and . . . [is] deemed, for the purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(A)(2)(B).

13. Based on the foregoing, complete diversity exists between Plaintiff and Defendant.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

14. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. For both Plaintiff's claim for violation of M.C.L. § 600.3201 *et seq*, and quiet title, Plaintiff seeks injunctive relief in the form of an order: (a) setting aside the Sheriff's Deed; (b) unspecified amount of damages; and (c) declaring Plaintiff the fee simple owner. *See* Complaint, Wherefore paragraph.

15. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted). *See Cohn v. Petsmart,* 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation").

16. While Defendant Fannie Mae denies the allegations in Plaintiff's Complaint and deny any liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs

and attorneys fees, because Plaintiff is seeking, among other things, voiding the Mortgage and Sheriff's Deed valued in an amount of at least $457,763.93. *Rosen v. Chrysler Corporation*, 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"). *See* Sheriff's Deed, **Ex. 2**; see also, Wayne County equalization record retrieved on April 20, 2015 showing a true cash value of the Property in the amount of $223,888.[1] *See* **Ex. 3**, SEV. In addition, Plaintiff also seeks an unspecified amount of damages based on his wrongful foreclosure and quiet title claims against Defendant Fannie Mae.

17.     Therefore, because the object of the litigation includes real property secured by a mortgage with an outstanding balance in excess of $75,000.00, which Plaintiff seeks to enjoin Defendant Fannie Mae from exercising rights thereunder, the object of the litigation is in excess of $75,000.00.

18.     A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d). *See* **Ex. 4**. Copies of the same will be served upon all counsel of record upon the filing of this Notice.

---

[1] The state equalized taxable property value is in the amount of $111,944 ("SEV"). The SEV represents approximately 50% of the "true cash value" of the property. *See* Mich. Const. Art. IX, sec. 3 (assessed value of property "shall not . . . exceed 50 percent" of the "true cash value of such property.") Accordingly, the property's value is approximately $223,888.00.

THEREFORE, Defendant Federal National Mortgage Association hereby removes the State Court Action from the Circuit Court of Wayne County, State of Michigan, to this Court, and requests that the Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State court.

Respectfully submitted,<br>
MADDIN, HAUSER, ROTH & HELLER, P.C.

Dated: April 22, 2015

/s/*Lindsey R. Johnson*
Martin S. Frenkel (P49283)
Lindsey R. Johnson (P67081)
Attorneys for Fannie Mae
28400 Northwestern Highway, Second Floor
Southfield, MI 48034
(248) 354-4030
ljohnson@maddinhauser.com

## CERTIFICATE OF SERVICE

I hereby certify that on **April 22, 2015** the foregoing paper was electronically filed with the Clerk of the Court using the ECF system. In addition, the foregoing paper was served on Plaintiffs' counsel, Casper P. Connolly, via U.S. Mail, postage fully prepaid and addressed to:

Casper P. Connolly, Esq.
2735 Haley Rd.
White Lake, MI 48383

/s/ *Lindsey R. Johnson*
Lindsey R. Johnson