# Exhibit 1

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>15-003392-CH |
|---|---|---|

2 Woodward Ave, Detroit MI 48226                                    Court Telephone No. 313-224-2447

**THIS CASE IS ASSIGNED TO JUDGE**   Brian R. Sullivan   Bar Number: 35154

| **Plaintiff**<br>Elzein, Mahmoud | v | **Defendant**<br>Federal National Mortgage Association |
|---|---|---|
| **Plaintiff's Attorney**<br>Casper P. Connolly, P-12136<br>2735 Haley Rd<br>White Lake, MI 48383-2020 | | **Defendant's Attorney** |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [X] Jury Fee - $85.00 |

| ISSUED<br>3/17/2015 | THIS SUMMONS EXPIRES<br>6/16/2015 | DEPUTY COUNTY CLERK<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.    CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__  A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__  There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__  An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are.

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action   [ ] remains   [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief

03/17/15
Date                                        Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO.<br>15-003392-CH |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                    Day, date, time

_____ on behalf of _____
Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

**MAHMOUD ELZEIN,**                            Case No. 15-     -CH

                         **Plaintiff,**                      Hon.

v.

**FEDERAL NATIONAL MORTAGE ASSOCIATION,**

                         **Defendant.**

_____/

Casper P. Connolly (P12136)
Attorney for Plaintiff
2735 Haley Rd.
White Lake, MI 48383
248-698-3940
_____/

## COMPLAINT

**Now comes** Plaintiff Mahmoud Elzein ("Elzein"), by his attorney Casper P. Connolly, submits the following as her Complaint against the above named defendants:

1. Mahmoud Elzein is an individual residing in Dearborn Heights, Wayne County Michigan.

2. Federal National Mortgage Association is a national association which is authorized to and does business in Wayne County, Michigan.

3. The property which is the subject of this litigation is located in Dearborn Heights, Wayne County Michigan and is described as "the subject property":

> Lot 55 Ford Garden Estates, a subdivision of part of the North 1/2 of the Northwest 1/4 and the West 1/2 of the Northeast 1/4 of Sectoin 18, Town 2 South, Range 10 East Dearborn Township, Wayne County, Michigan according to the Plat thereof as recorded in Liber 70, Page 11 of Plats, Wayne County Records.

Commonly known as: 26704 Doxtater Street

4. Jurisdiction and venue are proper in this court pursuant to MCL §600.605, MCL §600.1605 and MCR 2.605.

## GENERAL ALLEGATIONS

5. On June 9, 2006, Plaintiff Mahmoud Elzein entered into a mortgage loan transaction with Mortgage Electronic Registration Systems ("MERS") for a loan in the amount of $314,400.00. All documents for said loan were drafted by MERS or a party acting as an agent for MERS. Neither the Plaintiff nor any agent of the Plaintiff drafted any of the loan closing documents.

6. Plaintiff, as security for the Note, executed a mortgage pledging his home in Dearborn Heights, the subject property, as security to Mortgage Electronic Registration Systems, Inc. ("MERS"). The Mortgage was recorded on June 20, 2006 in Liber 44882, Page 951, Wayne County Records. **Exhibit 1**

7. Bank of America allegedly assigned the Mortgage to Nationstar Mortgage by an assignment which was recorded on August 11, 2014 in Liber 51686, Page 129, Wayne County Records even though Bank of America was not the record holder of the mortgage. **Exhibit 2**

**COUNT I – WRONGFUL FORECLOSURE IN VIOLATION OF MCL 600.3201 ET SEQ.**

8. Plaintiff incorporates all prior paragraphs as if stated fully herein.

9. On July 11, 2014, Nationstar Mortgage purportedly started the foreclosure process by mailing a notice to Plaintiff.

10. Despite the fact that no proper chain of assignments existed, a Sheriff's sale was held on September 18, 2014 and the foreclosing party was Fannie Mae. Pursuant to MCL 600.3204(d), the only party authorized to be the foreclosing party as of September 18, 2014 was

<u>Nationstar because it was the holder of the note.</u> The Sheriff's Deed was recorded on September 18, 2014 in Liber 51782, Page 847, Wayne County Records. **Exhibit 3**

11.   The Sheriff's Deed to AHMSI is void because as of the date of the Sheriff's Sale, Fannie Mae was not a proper foreclosing party as required by MCL 600.3204.

12.   During the redemption period, Plaintiff attempted to close on the short sale of the property, but was unable to do so due to unnecessary delays by Defendant Fannie Mae and second mortgage holder Charter One.

13.   Due to the procedural irregularities, Plaintiff suffered extreme prejudice, including, but not limited to:

    a. The unlawful actions, concealment activities and wrongful foreclosure activities by the Defendants have prejudiced the Plaintiff by making him fearful of redeeming the property by payment to any party whatsoever in fear that he would be paying the wrong party and fearful that he will have to eventually have to pay the correct party a second time.

    b. Those same activities have prejudiced the Plaintiff by blocking, by concealment, the Plaintiff from being able to refinance or sell her home by denying him access to the true holders of the their debt so as to bar him from being able to obtain a mortgage loan discharge/redemption receipt from the true and correct party that actually has the authority to issue a mortgage loan discharge/redemption receipt.

    c. Those activities have prejudiced the Plaintiff and increased damages sustained by Plaintiff by diminishing the use and enjoyment of his home of over eight years.

   d. Those wrongful activities have prejudiced the Plaintiff by failure to comply with the requirements of the Uniform Commercial Code to cancel and deliver their original promissory note so that the Plaintiff has evidence that his loan was paid off in full so he could qualify for other forms of financing.

   e. Those wrongful activities have prejudiced Plaintiff and imposed damages by falsely reporting to the three major credit reporting agnecies (Experian, Trans Union and Equifax) that he is in default on his loan and a high credit risk when said reports are not true. Defendant has no standing (as imposters) to make false credit reports against the Plaintiff and the Plaintiff has a right to make sure they pay only the true holder of the debt and not imposters.

   f. Defendants' wrong actions have also especially prejudiced Plaintiff by diminishing their image and reputation.

## COUNT II – QUIET TITLE

14. Plaintiff incorporates all prior paragraphs as if stated fully herein.

15. MCL 600.2932 allows parties to pursue an action to determine the relative interests of named parties in a parcel of real property. Such action is known as an action to quiet title.

16. In support of this Count, Plaintiff relies upon the chain of title as stated above.

17. As stated in detail above, the foreclosure of the Mortgage by Fannie Mae was invalid because Fannie Mae was neither the servicer nor the holder of the indebtedness during the foreclosure process. Therefore, Fannie mae was not a proper foreclosing party under MCL 600.3204(d).

18. By virtue of the invalid attempted foreclosure, the Sheriff's Deed appears in the chain of title as an apparent encumbrance.

19. The invalid Sheriff's Deed constitutes a break in the chain of title because Fannie Mae never received an assignment of the Mortgage.

20. The chain of title should correctly reflect that Plaintiff Mahmoud Elzein is the fee simple owner of the Property subject to the Mortgage and that the Sheriff's Deed to Fannie Mae is an instrument in the chain of title that has no effect on the Plaintiff's title to the subject Property.

21. Plaintiff Mahmoud Elzein is entitled to an Order that states that he is the owner of the Property in fee simple subject to the Mortage, and that the Sheriff's Deed has no effect on the chain of title to the Property.

## COUNT III – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates all prior paragraphs as if stated fully herein.

23. At the time servicing of the loan was transferred from to Fannie Mae, the mortgage loan was allegedly in default.

24. Defendant Fannie Mae is a "debt collector" as defined under the Fair Debt Collection Practices Act ("FDCPA").

25. Defendants violated the FDCPA by, among other things:

   a. Proceeding with the foreclosure in September 2014 even though Fannie Mae did not hold any interest in the mortgage loan and was not authorized to be a foreclosing party under the applicable Michigan statutes.

b. Defendant's actions were willful, intentional, and not otherwise protected by law and an attempt to deprive the Plaintiff of his real property under the color of law.

26. Plaintiff has suffered damages, including incurring attorney fees due to Defendant's violation of the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff Mahmoud Elzein respectfully requests this Honorable Court grant the following relief:

A. Enter Judgment declaring that Sheriff's Deed is void and of no effect as to the Property;

B. Enter Judgment declaring that Plaintiff Mahmoud Elzein is the fee simple title holder to the Property subject to the Mortgage;

C. Enter Judgment against Defendants for money damages including but not limited to actual damages, exemplary damages and punitive damages;

D. Order Defendants to pay Plaintiff's attorney fees and costs incurred in this matter; and

E. Grant such other and further relief that this Honorable Court deems just and equitable under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury in accordance with MCR 2.508(B)(1).

**Respectfully submitted,**

DATED: March 17, 2015

/s/ Casper P. Connolly
Casper P. Connolly P12136
Attorney for Plaintiff
2735 Haley Rd.
White Lake, MI 48383
248-698-3940



27

Casper P. Connolly
2735 Haley Rd.
White Lake, MI 48383-202

Office Of OGC

OFFICE CUBE:
1H-2S/05

SENDER:
Casper P. Connolly

PO#:

03 24 2015 12:29pm

7014 1200 0000 0990 2425

CERTIFIED MAIL

Federal National Mortgage Association
3900 Wisconsin Ave.
Washington, DC 20016