UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHMOUD ELZEIN,

    Plaintiff,

v.                                                            Case No. 15-11457
                                                                     HON. AVERN COHN

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 7)

### I. INTRODUCTION

This is a wrongful foreclosure and consumer protection case under the Fair Debt Collection Practices Act ("FDCPA"), 12 U.S.C. § 1692 *et seq*. Plaintiff Mahmoud Elzein is suing Defendant Federal National Mortgage Association ("FNMA") relating to the foreclosure by advertisement of real estate owned by Elzein located in Dearborn Heights, Michigan. Plaintiff's First Amended Complaint (Doc. 4) is three counts:

    Count I:     Wrongful Foreclosure

    Count II:    Quiet Title

    Count III    Violation of the FDCPA

Now before the Court is FNMA's Motion to Dismiss (Doc. 7). For the reasons

that follow, FNMA's motion will be granted.[1]

## II. BACKGROUND

### A. Factual Basis

This matter involves real property located in Dearborn Heights, Michigan. On or about June 9, 2006, Elzein entered into a loan transaction reflecting a note[2] payable to Shore Mortgage as lender (See Note, Doc. 7 Ex. 1), and a mortgage securing the note to Mortgage Electronic Registration Systems (MERS) as mortgagee (See Mortgage, Doc. 7 Ex. 2) in the amount of $314,400.00.

On September 10, 2011, the mortgage was assigned by MERS to Bank of America. (See Assignment of Mortgage, Doc. 7 Ex. 3).

Eventually, Elzein defaulted on his obligations under the note. On July 11, 2014, Elzein was sent a letter by Trott & Trott, a debt collection agency, stating that Nationstar Mortgage ("Nationstar"), its client, has initiated the foreclosure process. The letter further stated that FNMA is the owner of the debt, and that Nationstar is the servicer of the debt. The letter allowed Elzein thirty days to dispute the validity of his outstanding debt. (See Trott & Trott Letter, Doc. 5. Ex. 6)

On July 31, 2014, the mortgage was formally assigned to Nationstar. (See Assignment of Mortgage, Doc. 7 Ex. 4).

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2).

[2] Although the record is unclear, the note was ultimately transferred to FNMA, who is identified as the owner of the indebtedness at the time of the foreclosure. (See Trott & Trott Letter, Doc. 5. Ex. 6) Elzein, in his response to FNMA's motion to dismiss, does not contest that FNMA was the note holder and the owner of the indebtedness at the time of the foreclosure.

On August 21, 2014, Nationstar, acting though Trott & Trott, initiated a foreclosure by advertisement, which was published in the Detroit Legal News on August 21, August 28, September 4, and September 11, 2014 (See Affidavit of Publication, Doc. 7 Ex. 5 at 3), and was posted on the subject property on August 25, 2014. (See Evidence of Sale, Doc. 7 Ex. 5 at 4) These notices contained the following statement: "ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest." (*Id.*)

A Sheriff's Sale was scheduled for September 18, 2014. (See Sheriff's Deed, Doc. 7 Ex. 5 at 1) That day, a sheriffs deed was issued to FNMA as the successful bidder. (See *id.*; Affidavit of Purchaser, Doc. 7 Ex. 5 at 6) FNMA purchased the property in a "full credit bid" for the full amount of indebtedness. FNMA stated in the Affidavit of Purchase that the redemption value was $457,763.93 and that the redemption period expired on March 18, 2015.

Elzein did not redeem or obtain a court order extending the redemption period. Instead, Elzein filed suit in Wayne County Circuit Court on March 17, 2015. After the case was removed to this Court, Elzein filed a First Amended Complaint on May 20, 2015.

### B. Elzein's Claims

First, under his wrongful foreclosure claim, he says that FNMA bid on the property at the Sheriff's Sale, even though it did not have proper title. He also says that the Sheriff's Sale to FNMA is void because of irregularities and/or fraud. He says that

3

the language quoted above, stating that the sale may be rescinded by the mortgagee, was not authorized by the Michigan statute governing the contents of mortgage foreclosure notices. He says that FNMA was neither the "mortgagee, his assigns or legal representatives" and was therefore not authorized to buy the property through a full credit bid. He says that FNMA was not a proper foreclosing party as required by Michigan law. Finally, he says that FNMA and Charter One (an unnamed party in this action) created "unnecessary delays" which prevented him from redeeming the property.

Second, Elzein's quiet title action says that the sale to FNMA was invalid for the failures stated above, and that he is therefore the rightful owner of the property.

Third, Elzein says that FNMA, a "debt collector" under the FDCPA, violated the statute by proceeding with the foreclosure, even though it was not authorized as a foreclosing party.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley,* 550 U.S.544, 545 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation

4

omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. Wrongful Foreclosure Claim

For several reasons, FNMA says that Elzein fails to state a claim for wrongful foreclosure. Each is addressed below.

1.

Elzein says that FNMA was not a proper foreclosing party as required by Michigan law. Elzein further says that FNMA's bid was invalid because there was no proper chain of title. These arguments lack merit.

First, FNMA clarifies that, contrary to Elzein's allegations, it was not FNMA that foreclosed upon the property, but Nationstar. At the time of the foreclosure, Nationstar was the servicer of the debt as well as the assignee of the mortgage, which passed from Bank of America on July 31, 2014. Indeed, the published and posted notices expressly stated that Nationstar was rightful assignee of the mortgage. (See Affidavit of Publication, Doc. 7 Ex. 5 at 3; Evidence of Sale, Doc. 7 Ex. 5 at 4) The record shows that Nationstar, rather than FNMA was the foreclosing party.

FNMA, by contrast, was the holder of the indebtedness and the successful bidder at the Sheriff's Sale. Further, FNMA did not take title to the property until the Sheriff's Sale on September 18, 2014—well after Nationstar initiated foreclosure proceedings.

5

Under Michigan law, proper foreclosing parties include (1) "the owner of the indebtedness," (2) the owner "of an interest in the indebtedness secured by the mortgage," or (3) "the servicing agent of the mortgage." M.C.L. § 600.3204(1)(d). In addition, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale." *Id.* § (3). Here the proper foreclosing party was not FNMA, but Nationstar, who was assignee and servicing agent of the mortgage, and who is in the chain of title as transferee from Bank of America, as transferee from MERS.

2.

Elzein also says that FNMA was not entitled to purchase the property through a full credit bid. This argument is without merit. He cites M.C.L. § 600.3228 for the proposition that only the mortgagee, his assigns, or legal representatives can purchase the property by a full credit bid. This, however, misstates the language of the section, which provides, "The mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises so advertised, or any part thereof, at such sale." M.C.L. § 600.3228. There is no language in the statute which prevents the owner of the indebtedness from making a purchase through a full credit bid. To the contrary, Michigan courts have explained:

> When a lender bids at a foreclosure sale, it is not required to pay cash, but rather is permitted to make a credit bid because any cash tendered would be returned to it. If this credit bid is equal to the unpaid principal and interest on the mortgage plus the costs of foreclosure, this is known as a "full credit bid." When a mortgagee makes a full credit bid, the mortgage debt is satisfied, and the mortgage is extinguished.

*New Freedom Mtg. Corp. v. Globe Mtg. Corp.*, 281 Mich. App. 63, 68 (2008) (citations

omitted). Other courts have recognized FNMA's right to purchases a foreclosed-upon property in a full credit sale. In *Rubin v. Fannie Mae*, No. 12-CV-12832, 2012 WL 6000572 (E.D. Mich. Nov. 30, 2012), the court said the following regarding FNMA, the lender in the case: "

> [FNMA or the loan servicer] may bid the full amount due at the Sheriff's Sale which is applied as a credit against the amount owed. [The servicer] cannot then go after [the mortgagor] for any of the remaining collateral due. This actually helps [the mortgagor] who is no longer liable for the debt. This is the law in Michigan and many other jurisdictions.

*Id.* at *2. FNMA therefore was entitled to purchase the property in a full credit bid at the Sheriff's Sale.

3.

Next, Elzein says there was a "procedural irregularity" not permitted by Michigan law. Specifically, he says that that the language quoted above, stating that the sale may be rescinded by the mortgagee, was not authorized by the applicable statute, M.C.L. § 600.3212. This argument is without merit. Section 600.3212, rather than prohibiting any language in particular, states the minimum requirements for a notice of foreclosure by advertisement. There is no basis for Elzein's argument under the plain language of the statute he cites, nor does he cite any case law in support.

Elzein also says that FNMA and Charter One (an unnamed party in this action) created "unnecessary delays" that prevented him from redeeming the property. There is no substance to this argument, however, put forth in the amended complaint or otherwise.

Neither does Elzein assert fraud beyond mere allegations, and states no details

as to how and when FNMA allegedly perpetrated a fraudulent act related to the foreclosure process or otherwise. "A plaintiff alleging fraud must meet Fed. R. Civ. P 9(b)'s heightened pleading standard by 'stat[ing] with particularity the circumstances constituting fraud or mistake.' " *Woodland Harvesting, Inc. v. Georgia Pac. Corp.*, 693 F. Supp. 2d 732, 739 (E.D. Mich. 2010) (quoting Fed. R. Civ. P 9(b)). Here, Elzein fails to do so.

4.

Elzein is further unable to assert any prejudice resulting from the deficiencies he alleges. "For the alleged foreclosure defects to be actionable to set aside the foreclosure sale, [the mortgagor] must allege prejudice resulting from the defects. *Washington v. BAC Home Loans Servicing, L.P.*, No. CIV. 12-12940, 2013 WL 5476023, at *5 (E.D. Mich. Oct. 2, 2013) (citing *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013)). Here, Elzein has not shown prejudice beyond threadbare allegations and mere speculation.

5.

Finally, even if Elzein can assert a cognizable error in the foreclosure process, he lacks standing to assert it.

After a Sheriff's Sale and the statutory period of time within which to redeem the property expires, the mortgagor no longer has any right, title, or interest in the property. *See* M.C.L. § 600.3236. The Sixth Circuit has explained this aspect of Michigan law:

> Under Michigan law, once the statutory redemption period expired, "all of plaintiff's rights in and title to the property were extinguished." *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 848 N.W.2d 482, 485 (2014) (citation omitted). Therefore, once the redemption period lapses, a former property owner may not assert any claims with respect to the property.

8

> *See id*. The filing of a lawsuit—even one filed before the expiration of the redemption period—will not toll the redemption period. Id. Indeed, "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.' " *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir.2013) (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 167 N.W.2d 784, 785 (1969)). Moreover, "not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure proceeding itself." *Id*. at 360 (citation, quotation marks, and alterations omitted). In short, a plaintiff challenging a foreclosure action under Michigan law must meet a "high standard in order to have a foreclosure sale set aside after the lapse of the statutory redemption period." *Id*. (quotation marks omitted).

*Rubin v. Fannie Mae*, 587 F. App'x 273, 275-76 (6th Cir. 2014).

Therefore, because the statutory redemption period is over, Elzein's rights \the property is extinguished.

6.

For the above reasons, Elzein's wrongful foreclosure claim is DISMISSED.

## B. Quiet Title Claim

Elzein also seeks relief under M.C.L. § 600.2932, which provides that

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Actions to quiet title are equitable in nature. *Michigan Nat. Bank & Trust Co. v. Morren*, 194 Mich. App. 407, 410 (1992). FNMA argues that because Elzein defaulted on his mortgage, he is barred from seeking equitable relief of quiet title under the doctrine of unclean hands.

Michigan law states that "a person seeking equity should be barred from

9

receiving equitable relief if there is any indication of overreaching or unfairness on this person's part." *Royce v. Duthler*, 209 Mich. App. 682, 688-89 (1995). Under the unclean-hands doctrine, the Sixth Circuit has held that a mortgagor who defaults on a loan cannot "[seek] judicial assistance in avoiding his contractual obligations." *Yuille v. Am. Home Mortgage Servs.*, Inc., 483 F. App'x 132, 135 (6th Cir. 2012).

In defense, Elzein states that "nowhere in the [complaint] is there an admission by [Elzein] that he defaulted on his mortgage loan." There is no question, however, that he defaulted on the loan; indeed this is the very circumstance that initiated the foreclosure proceedings. Further, in defense he states that the unclean hands doctrine is an insufficient basis for dismissal of a claim on the pleadings. This assertion is unsupported and contradicted by Michigan law. *See, e.g.*, *McFerren v. B & B Inv. Grp.*, 253 Mich. App. 517, 518 (2002) (affirming a lower court judgment dismissing a quiet title action based on the unclean-hands doctrine).

Elzein's quiet title claim is therefore DISMISSED.

### C. FDCPA Claim

Under the FDCPA, Elzein claims that FNMA is a "debt collector" who violated the Act by "proceeding with the foreclosure . . . even though [FNMA] did not hold any interest in the mortgage and was not authorized to be a foreclosing party . . ."

This claim fails for two reasons. First, FDCPA defines "debt collector" as a person who conducts "any business[,] the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, there

is no indication that FNMA ever attempted to collect the debt; at most, it was Trott & Trott—a self-proclaimed "debt collector attempting to collect a debt"—who attempted to collect on the loan.

Moreover, the very substance of Elzein's FDCPA claim fails. As discussed above, FNMA was not the foreclosing party. Therefore, Elzein's claim that FNMA improperly foreclosed on the property is without merit.

Thus, Elzein's FDCPA claim is DISMISSED.

## V. CONCLUSION

For the above reasons, FNMA's motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

        s/Avern Cohn
        Avern Cohn
        United States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager