UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHMOUD ELZEIN,

    Plaintiff,

v.                                                                                              Case No. 15-11457

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,                                              HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (Doc. 13)**

**I.     INTRODUCTION**

This is a wrongful foreclosure and consumer protection case under the Fair Debt Collection Practices Act (FDCPA), 12 U.S.C. §1692, *et seq*. Plaintiff Mahmoud Elzein (Elzein) is suing Defendant Federal National Mortgage Association (FNMA) relating to the foreclosure by advertisement of real estate owned by Elzein located in Dearborn Heights, Michigan. The Court granted FNMA's 12(b)(6) Motion to Dismiss the case (Doc. 11). Now before the Court is Elzein's Motion for Reconsideration (Doc. 13). For the reasons that follow, Elzein's motion is DENIED.

**II.    LEGAL STANDARD**

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1).

1

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).  To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Id.  A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

### III.   DISCUSSION

#### A.

The Court notes that this Motion for Reconsideration was filed 26 days after the initial judgment on the matter. As such, the motion is untimely under E.D. Mich. LR 7.1(h)(1).

#### B.

Regardless of whether the Motion for Reconsideration is timely, Elzein does not point to a palpable defect within the dismissal order. Elzein proposes two substantive bases for granting reconsideration. Neither argument has merit. The Court will address each in turn.

#### 1.

First, Elzein argues that the Court's dismissal order contradicted the holdings in Jackson v. Bank of America, N.A., __ F. Supp 3d __, No. 14-CV-11073, 2014 WL 7157172 (E.D. Mich. Dec. 15, 2014), and El-Sablani v. Indymac Mortgage Services, 510 F. App'x 425 (6th Cir. 2013). Elzein waited to file this lawsuit until March 17, 2015, one

2

day prior to the expiration of the statutory redemption period; he did not obtain an extension of the redemption period.

Elzein argues that, based on Jackson and El-Sablani, because there was fraud and/or irregularities in the foreclosure by advertisement process, the Court should disregard the expiration of the statutory redemption period and the foreclosure sale should be set aside. This argument is without merit. As explained in the dismissal order, there were no procedural irregularities in regards to the notice of foreclosure by advertisement or any unnecessary delays preventing Elzein from redeeming the property (See Doc. 11 at 7). Further, Elzein failed to assert fraud beyond mere allegations; he has described no specific details as to how or when a fraud relating to the foreclosure process was perpetrated (See Doc. 11 at 7-8). As noted in the dismissal order, "[a] plaintiff asserting fraud must meet Fed. R. Civ. P. 9(b)'s heightened pleading standard by 'stat[ing] with particularity the circumstances constituting fraud or mistake.'" Woodland Harvesting, Inc. v. Georgia Pac. Corp., 693 F. Supp. 2d 732, 739 (E.D. Mich. 2010)(quoting Fed. R. Civ. P 9(b)). Here, Elzein failed to do so.

Jackson and El-Sablani do not apply.

**2.**

Elzein's second argument is the Court failed to recognize the assertions of prejudice contained in his First Amended Complaint.

This argument is without merit. This argument fails to add any new details beyond those provided in the First Amended Complaint and merely asks the Court to review a document which it has already taken notice of and determined to be lacking. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by

3

defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 115 (2012). As noted in the dismissal order, the foreclosure sale was valid and was not defective. The allegations of prejudice in the First Amended Complaint were mere speculation. As such, there is no prejudice to Elzein.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

                s/Avern Cohn

                AVERN COHN
                UNITED STATES DISTRICT JUDGE

Dated: September 16, 2015

Detroit, Michigan